KING v. HUTSON. (No. 7938.)

(Court of Civil Appeals of Texas. Ft. Worth. April 18, 1914.)

1. APPEAL AND ERROR (§ 501*)—ASSIGNMENTS OF ERROR—STATEMENTS ACCOMPANYING ASSIGNMENT.

Assignment complaining of the action of the court in overruling exceptions, where the record did not disclose that such exceptions were ever presented to or acted on by the court, will be overruled.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2300–2305; Dec. Dig. § 501.*]

2. VENDOR AND PURCHASER (§ 299*) — DEFAULT—RIGHTS OF VENDEE.

Where, in an action by a vendor to recover land after default by the purchaser, the petition alleged that the value of the use of the premises exceeded all payments made and all improvements; and asked that the value thereof be ascertained and adjustment made, an instruction that defendant was entitled to a return of the purchase money paid, as well as the value of the improvements, was proper, since, under the pleadings, the rule that a defaulting purchaser cannot recover purchase money paid

nor the value of improvements, was inapplicable.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 837–842; Dec. Dig. § 299.*]

Appeal from District Court, Montague County; C. B. Potter, Judge.

Action by S. M. King against J. B. Hutson. From a judgment for defendant, plaintiff appeals. Affirmed.

A. L. Scott, of St. Jo, for appellant. W. W. Cook, of Montague, for appellee.

SPEER, J. This was an action by S. M. King against J. B. Hutson to recover a certain tract of land situated in Montague county on account of the nonpayment of the purchase-money notes. The defendant pleaded defects in the title to the land as an excuse for his default, and sought to recover the portion of the purchase price already paid, as well also as the value of certain improvements made in good faith on the premises. A trial before a jury resulted in a judgment in favor of the plaintiff for the land and in favor of the defendant for the cash payment made and the value of the improvements. The plaintiff appeals.

[1] The first six assignments are overruled because each complains of the action of the court in overruling an exception to the appellee's answer, and the record does not disclose that such exceptions were ever presented to or acted on by the court.

[2] The remaining assignments attack the court's charge upon the issues tendered by appellee of improvements made in good faith and of the return of the purchase money paid. The well-known propositions of law are asserted that a defaulting purchaser cannot recover the portion of the purchase money paid when he chooses, without just cause, to abandon the purchase, and cannot recover for the value of improvements made, unless at the time of making them he in good faith believed his title was superior to all others, but these propositions, while sound in the abstract, find no application to this case. The trial court did summarily instruct the jury that the appellee was entitled under the law to a return of the money paid by him, as well also as the present actual value of the improvements he had made on the premises. This was proper under appellant's pleading. In his original petition he distinctly alleges that the reasonable value of the use and benefits of the premises for the time the defendant has had the same vastly exceeds any and all amounts paid on the purchase price and any and all improvements made on the land, and specifically asks that the value of same be ascertained and adjustment made thereof, and that he have judgment for any sum which may be due him by reason thereof. It thus appears that the court, in submitting the case, did so as appellant himself

had pleaded it, and the principles invoked by him are not applicable.

The evidence supported the verdict and judgment; there is no error in the record; and the judgment of the district court is affirmed.